|, McKAY, J.,
concurring in part and dissenting in part with reasons.
I concur with the majority opinion in so far as it affirms the judgment of the trial court. However, I respectfully dissent from those portions of the majority opinion that reverse or amend the judgment of the trial court.
At trial of this matter a number of expert witnesses testified. James Clary, an expert in highway safety, design and maintenance, testified that La. Hwy. 300 was deficient in several ways, such as the lack of centerline striping, road edge marking, proper maintenance and proper signage. Mr. Clary concluded that the condition of the roadway, specifically the depression *706 that the plaintiffs tire encountered as well as the lack of roadway markings and the drainage ditch along the roadway were all hazardous conditions that caused the plaintiffs accident.
Raymond Burkart, an expert in the field of accident reconstruction, testified that the condition of the roadway, along with the lack of highway striping and the existence of the hazardous condition posed by the drainage ditch were all substantial contributing factors in causing the accident. He also opined that driver condition and driver error were not causative factors in the accident.
Steve Estopinal, an expert in land surveying and engineering, opined that the tree struck by the plaintiffs vehicle was within the servitude of use for La. Hwy. 300. He stated that, based upon his research and review of various maps and prior | gsurveys, the current location of the tree rests on what used to be the water bottom of the northern branch of Bayou La Loutre. He testified that he believed that the northern branch of Bayou La Loutre had been filled in suddenly and that the property on which the tree is located is therefore owned by the State of Louisiana.
The trial court felt that all of these witnesses to be credible and competent. Based upon their testimony as well as other evidence presented at trial, the trial court found that the DOTD was solely responsible for the accident in this case. It found that the defective condition of La. Hwy. 300 to be the sole and proximate cause of the plaintiffs accident and that the plaintiffs accident and that the plaintiff acted as a reasonable driver should. The trial court also found that the tree rests on the State of Louisiana’s land.
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts. Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973). In the instant case, I believe that the trial court’s findings were reasonable based on the evidence before it. Accordingly, I would affirm the judgment of the trial court in its entirety.